IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL RAY STEMPLE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-19-1117 |
| WARDEN RICHARD DOVEY | * | |
| Defendants | * | |

\*\*\*
## MEMORANDUM OPINION

Counsel for the Maryland Department of Public Safety and Correctional Services filed a court-ordered expedited response to plaintiff Michael Ray Stemple's claims in his Amended Complaint, that he was assaulted three times in 13 months at the Maryland Correctional Training Center (MCTC) and his question why he was not placed in protective custody ("PC) housing when transferred to Patuxent Institution. ECF No. 3 at 2. Stemple, who is currently incarcerated at Patuxent Institution in Jessup, Maryland, asserts "Patuxent does not hold my safety a concern." ECF No. 3-1 at 2. He seeks as relief proper medical care, for his assailants to be held responsible, and damages of an unstated sum.

### RESPONSE

The response is accompanied by verified exhibits and declarations and provided the following information. On March 5, 2019, Stemple was transferred to Patuxent Institution *See* Decl. of April Coccagna-Graham, Commitment Supervisor and Litigation Coordinator, Patuxent Institution, ECF No. 8-1 at 1 ¶2. On arrival, Stemple indicated that he did not have reason to fear placement in the general population. ECF No. 8-1 at 3, Question 6.

On July 11, 2019, Stemple admitted owning nine pieces of metal found in his cell and was charged with, and subsequently pleaded guilty before a hearing officer to, charges that he (1) possessed, used, or manufactured a weapon and (2) possessed or passed contraband. ECF No. 8-1 ¶5; ECF No. 8-2, at 4, 8, 12.  Stemple was sanctioned with 20 days in disciplinary segregation and the loss of 60 diminution credits.  *Id.* at 5.

On July 29, 2019, Stemple provided an Inmate Statement: "I M. Stemple do not fear for my safety at Patuxent." ECF No. 8-1 ¶ 6.  ECF No. 8-1 at 5.

Patuxent does not provide protective custody housing for inmates. *See* Coccagna-Graham Decl**.** ECF No. 8-1 at 1 ¶4.[1]

## DISCUSSION

This undisputed information shows that Stemple has twice reported he feels safe at Patuxent. The court is satisfied that to the extent in the Amended Complaint that Stemple may have sought placement on PC, he has not shown he is likely to suffer irreparable damage or the other requisite elements for award of preliminary injunctive relief. *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010) (stating that a party seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest.

---

[1] Counsel explains that when there is a verified need for a Patuxent Institution inmate to be on PC, the inmate is transferred from Patuxent to an institution that offers such housing, although no supporting documentation is provided. ECF No. 8 at 2.

Stemple also claims in the Amended Complaint that on April 12, 2018, he was assaulted at MCTC while he was housed on administrative segregation. ECF No. 3 at 2. Further, he alleges that he was assaulted three times in thirteen months. *Id.* The court will grant Stemple twenty-eight days from the date this order is signed to provide additional information should he wish to pursue this claim. Stemple must explain with specificity why the Warden is liable for the injuries he sustained at the hands of other inmates, and state when and where the assaults occurred. If Stemple intends to raise claims about the medical care he received after the assaults, he must allege what injuries he suffered, identify the individuals he holds liable, and provide reasons why he believes the care provided was inadequate care. [2]

Stemple will be provided a blank complaint form to use in providing this information, limiting information provided to the above issues. He is instructed to write the above case number on the completed form. Failure to comply fully with these instructions may result in the dismissal of this case without further notice.

## CONCLUSION

For these reasons the court finds no cause to warrant preliminary injunctive relief. Stemple will in a separate order to follow be granted twenty-eight days to provide the supplemental information as directed.

   5/20/20   
Date

   /S/   
Catherine C. Blake
United States District Judge

---

[2] Stemple is reminded that his claims that a doctor at MCTC made racist remarks to him were dismissed for failure to state a federal or constitutional claim. ECF No. 5 at 3.